UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDDIE E. ESTRIBOR,

        Plaintiff,

    v.

MOUNTAIN STATES MORTGAGE, et al.,

        Defendants.

CASE NO. C13-5297 BHS

ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff Freddie Estribor's ("Estribor") emergency motion for a temporary restraining order (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 2, 2013, Estribor filed this action in Kitsap County Superior Court seeking to prevent the foreclosure sale of real property, and asserting violations of the Washington Deed of Trust Act, RCW Chapter 61.24 ("DTA") and Washington Consumer Protection Act, RCW Chapter 19.86. Dkt. 1. Estribor also filed a motion for a temporary restraining order in state court, but the parties agreed to postpone the pending

Trustee's sale before the motion was heard. Dkt. 17, Declaration of Melissa A. Huelsman, ¶ 4.

On April 17, 2013, Defendants removed the action to this Court.  Dkt. 1.

On June 12, 2013, Estribor filed an emergency motion for a temporary restraining order to prevent a foreclosure sale scheduled for June 14, 2013 at 10:00am. Dkt. 15.  On June 13, 2013, Defendant Chase responded.  Dkt. 19.[1]

## II. DISCUSSION

The DTA permits a court to enjoin a Trustee's sale for "any proper legal or equitable ground." RCW 61.24.130(1).  When the borrower has allegedly failed to make periodic payments, the enjoining court shall require the borrower to pay to the clerk of the court "the periodic payment of principal, interest, and reserves . . . ." *Id*.  Moreover,

> No court may grant a restraining order or injunction to restrain a trustee's sale unless the person seeking the restraint gives five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or over who is competent to be a witness, that the notice has been served on the trustee.

RCW 61.24.130(2).

In this case, Estribor has failed to meet the conditions precedent to the issuance of any injunction.  First, Estribor has failed to give the requisite five days notice.  Second, Estribor has offered to make periodic payments on approximately one third of the

---

[1] The Court prepared an order to be posted June 13, 2013, but, due to clerical error, the order did not issue via the Court's ECF system.

1 principal balance of the loan, which he alleges is the amount that he actually received
2 from the loan proceeds.  Although the DTA provides a fairly liberal standard for the
3 grounds upon which an injunction may issue, the DTA provides strict requirements that
4 **shall** be met before the injunction may issue. Based on Estribor's allegations and motion,
5 it appears that there are purely equitable reasons to enjoin the sale to more fully
6 understand the odd and unusual circumstances surrounding the initiation of the loan.  If
7 the sale has occurred and Defendant Chase was the low bidder, then it would seem
8 prudent to not resell the property pending final determination that Chase is the holder in
9 due course free of any liability from Estribor's unusual and extraordinary agreement with
10 Defendant Mountain States Mortgage.  However, for the purposes of the instant motion,
11 Estribor has clearly failed to meet the DTA's strict requirements and an injunction may
12 not be issued.

### III. ORDER

Therefore, it is hereby **ORDERED** that Estribor's emergency motion for a temporary restraining order (Dkt. 15) is **DENIED**.

Dated this 18th day of June, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge