UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDDIE E. ESTRIBOR,

                    Plaintiff,

        v.

MOUNTAIN STATES MORTGAGE
CENTER, INC., et al.,

                    Defendants.

CASE NO. C13-5297 BHS

ORDER DENYING
DEFENDANT'S MOTION
TO DISMISS

        This matter comes before the Court on Defendant Mortgage Electronic

Registration Systems, Inc.'s ("MERS") motion to dismiss (Dkt. 13). The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

        On April 2, 2013, Plaintiff Freddie Estribor ("Estribor") filed this action in Kitsap

County Superior Court seeking to prevent the foreclosure sale of real property, and

asserting violations of the Washington Deed of Trust Act, RCW Chapter 61.24 and

1  Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA").  Dkt. 1, Exh. 1

2  ("Comp.").

3        On April 17, 2013, Defendants removed the action to this Court.  Dkt. 1.

4        On May 17, 2013, MERS filed the motion to dismiss.  Dkt. 13.  On June 10, 2013,

5  Estribor responded.  Dkt. 14.  On June 14, 2013, MERS replied.  Dkt. 20.

6                        **II. FACTUAL BACKGROUND**

7        In 2007, Estribor took out a home equity loan in the principal amount of

8  $360,000.00 with Defendant Mountain States Mortgage Center, Inc. ("Mountain States")

9  on real property located at 13215 Central Valley Road Northwest, Poulsbo, Washington

10  (the "Property").  Comp., ¶¶ 1.2 & 2.2-2.3.  Of these funds, $136,082.06 was used to pay

11  off Estribor's existing loan and the closing costs on the loan, leaving a balance of

12  $223,917.94.  *Id*. ¶¶ 2.2-2.3. Out of the remaining proceeds from the loan, Estribor

13  alleges he received $20,000 in cash and that Mountain States "borrowed" $207,087.35

14  from him.  *Id*.  In exchange for Estribor loaning Mountain States $207,087.35, Mountain

15  States would make Estribor's mortgage payments for at least one year and would

16  refinance Estribor's loan at a lower interest rate after one year.  *Id*. ¶¶ 2.2-2.4.  A loan

17  officer of Mountain States explained to Estribor before loan closing how the loan would

18  work and had Estribor sign a "Letter Agreement" documenting the transaction.  *Id*.

19        To secure repayment of the loan, Estribor executed a Deed of Trust providing that

20  if he defaulted on the loan, the lender could foreclose and sell the Property. The Deed of

21  Trust explains that Mountain States was the lender and that MERS was designated as

22  "beneficiary" of the Deed of Trust solely as nominee (agent) for the lender (Mountain

ORDER - 2

States) and the lender's successors or assigns.  *See* Comp. ¶¶ 2.8 & 3.9; Dkt 13, Exh. A ("Deed of Trust").  The Deed of Trust likewise explains that Estribor's loan (and by extension, the Deed of Trust) could be sold at any time without prior notice to Estribor. *See* Deed of Trust at 11, ¶ 20.

Estribor alleges that Mountain States stopped making his mortgage payments in December 2011.  Comp. ¶¶ 2.7-2.8. On May 22, 2012, MERS assigned its nominee/agency interest under the Deed of Trust to JPMorgan Chase Bank, N.A. ("Chase").  Compl. ¶ 2.8; Dkt. 17, Declaration of Melissa A. Huelsman, Exh. A-2 (the "Assignment").  The Assignment was recorded on June 14, 2012.  *Id.*

As a result of Mountain States's failure to make Estribor's loan payments, he alleges that on September 17, 2012, Chase had its agent, Northwest Trustee Services, Inc. ("NWTS") serve and mail Estribor a Notice of Default ("Notice of Default").  *Id.* ¶ 2.10. The default led to a foreclosure process, and the record reflects that the Property may have been sold at a Trustee's Sale on June 14, 2013.  *See* Dkt. 15.

### III. DISCUSSION

As a threshold matter, MERS advances an argument that violates due process.  In its reply brief, MERS for the first time argues that Estribor lacks standing to challenge MERS's assignment.  Dkt. 20 at 5, 10–13.  The Court will ignore this argument as inappropriately presented.

**A.    Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of

1   sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901

2   F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

3   complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301

4   (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed

5   factual allegations but must provide the grounds for entitlement to relief and not merely a

6   "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

7   *Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiff must allege "enough facts to state a

8   claim to relief that is plausible on its face." *Id.* at 1974.

9   **B.    CPA**

10          To allege a viable CPA claim Estribor must show: (1) an unfair or deceptive act or

11   practice; (2) that occurs in trade or commerce; (3) impacting the public interest; (4) which

12   causes injury to Estribor or his business or property; and (5) a causal link between the

13   injury and the unfair or deceptive act. *Bain v. Metro Mortg. Group*, 175 Wn.2d 83, 119

14   (2012).

15          In this case, MERS challenges all five elements of Estribor's CPA claim, but the

16   real disputes are on the issues of an unfair or deceptive act and injury. *See* Dkt. 20 at 8–

17   10, 13–15.  With regard to the former, Estribor alleges that, on May 22, 2012, MERS

18   acted on behalf of what was then a non-existent entity, the original lender Mountain

19   States.  Taking this allegation as true, which the Court must do, the Court finds that such

20   act easily meets the test of having capacity to deceive.  Purporting to act on behalf of a

21   non-existing entity to transfer that entity's rights of foreclosure, especially when that

22   entity is allegedly obligated to pay your loan payments, is unfair and deceptive.

1   Therefore, the Court denies MERS's motion on this issue because Estribor has pled

2   sufficient facts to meet this element of his CPA claim.

3         With regard to injury, the Washington Supreme court has directly addressed this

4   alleged injury.  In *Bain*, the court commented that

5           if there have been misrepresentations, fraud, or irregularities in the
        proceedings, and if the homeowner borrower cannot locate the party

6           accountable and with authority to correct the irregularity, there certainly
        could be injury under the CPA.

7
8   175 Wn.2d at 118.  It is undisputed that Estribor's loan was unusual and could be

9   considered irregular.  It is also undisputed that Estribor may be unable to locate MERS's

10  principal that is responsible for the irregularities.  In light of these facts, "there certainly

11  could be injury under the CPA."  Therefore, the Court denies MERS's motion on this

12  issue because Estribor has sufficiently plead facts to state a claim.

### IV. ORDER

13        Therefore, it is hereby **ORDERED** that MERS's motion to dismiss (Dkt. 13) is

14  **DENIED.**

15        Dated this 27th day of June, 2013.

16

17

18  _____
      BENJAMIN H. SETTLE

19        United States District Judge

20

21

22