UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDDIE E. ESTRIBOR, acting for himself individually and for his deceased wife MARTINA A. ESTRIBOR,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN STATES MORTGAGE, et al.,<br><br>Defendants. | CASE NO. C13-5297 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants JP Morgan Chase Bank, N.A. ("Chase"), and Northwest Trustee Services, Inc.'s ("NWTS") motion for summary judgment (Dkt. 27); Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") motion for summary judgment (Dkt. 28); and Plaintiff Freddie Estribor's ("Estribor") motion to strike (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motions and denies Estribor's motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On April 2, 2013, Estribor filed this action in Kitsap County Superior Court seeking to prevent the foreclosure sale of real property, and asserting violations of the Washington Deed of Trust Act, RCW Chapter 61.24, and Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"). Dkt. 1, Exh. 1 ("Comp.").

On April 17, 2013, Defendants removed the action to this Court. Dkt. 1.

On October 22, 2013, Chase filed a motion for summary judgment. Dkt. 27. On November 12, 2013, Estribor responded. Dkt. 30. On November 15, 2013, Chase replied. Dkt. 36.

On October 24, 2013, MERS filed a motion for summary judgment. Dkt. 28. On November 12, 2013, Estribor responded. Dkt. 31. On November 15, 2013, MERS replied. Dkt. 31.

On November 13, 2013, Estribor filed a motion to strike a footnote in MERS's motion. Dkt. 33. On November 14, 2013, Estribor filed a motion to incorporate the motion to strike in his response brief. Dkt. 35. The Court grants leave to incorporate and will address the merits of the motion to strike.

## II. FACTUAL BACKGROUND

For purposes of the instant motions, there are two important occurrences. Although the original lender Mountain States Mortgage ("Mountain States") initiated some unique and definitely questionable loans with Estribor, the questions currently before the Court are whether Chase or MERS are liable for anything they themselves have done. The first relevant transaction is Chase's purchase of the loan from Mountain

ORDER - 2

States.  Chase employee Brandon Kirby asserts that "[o]n May 11, 2007, Chase purchased the Estribor loan from [Mountain States], and at that time, acquired the Note, which was specifically endorsed to Chase, and the Deed of Trust."  Dkt. 27-25, Declaration of Brandon Kirby, ¶ 4.  Subsequent to the purchase, Mountain States and Estribor failed to timely make payments, and Chase initiated a non-judicial foreclosure proceeding.

Second, on June 14, 2012, an Assignment of Deed of Trust to Chase was recorded under Kitsap County Auditor's No. 20126140145.  Dkt. 27-10 ("Assignment").  The document lists MERS as nominee for Mountain States, its successors and assigns, and transfers rights in the Deed of Trust to Chase.  *Id*.  The Assignment was executed on May 22, 2012, well after Mountain States apparently disappeared.  *Id*.

### III. DISCUSSION

**A.    Motion to Strike**

Estribor moves to strike MERS's characterization of *Bain v. Metropolitan Mortg. Group, Inc.*, 175 Wn.2d 83 (2012), and assertions regarding the state of the record before that court.  Dkt. 33.  There is no reason to strike argument distinguishing an applicable case.  Therefore, the Court denies Estribor's motion to strike.

**B.    Summary Judgment**

Chase moves for summary judgment on Estribor's claims for reformation of the deed and violations of the CPA.  Dkt. 27 at 5.  MERS moves for summary judgment on Estribor's CPA claim.  Dkt. 28 at 7.  Estribor has conceded that his claims against NWTS are now moot, and, therefore, the Court grants NWTS's motion.

## 1. Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Reformation

Chase argues that the Court should grant summary judgment in its favor on Estribor's claim for reformation of the Note because it obtained the Note free of any claim Estribor may have against Mountain States stemming from his separate loan to Mountain States. Dkt. 27 at 8. Estribor counters that significant questions remain as to Chase's purchase of the loan. Dkt. 30 at 3–4. Mere argument, however, is insufficient to overcome a motion for summary judgment. While Chase could have submitted the actual documents showing its purchase of the Note and Deed of Trust, Estribor has failed to show that Mr. Kirby's declaration, submitted under penalty of perjury, is insufficient evidence in support of Chase's contention that it purchased the loan in May 2007. Estribor also fails to request additional time to conduct discovery regarding this transaction or obtain evidence contrary to Mr. Kirby's declaration. Therefore, the Court grants Chase's motion on Estribor's claim for reformation because there are no material questions of fact for trial.

### 3. CPA

In order to prevail on a CPA claim, a party must show: (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) impacting the public interest; (4)

1 which causes injury to the party or his business or property; and (5) a causal link between
2 the injury and the unfair or deceptive act. *Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d
3 907, 917 (2001).

4 In this case, Estribor's entire claim against both Chase and MERS is based on the
5 Assignment. Dkt. 30 at 4–11 (Chase); Dkt. 31 at 9–20 (MERS). Even if the Assignment
6 was an unfair or deceptive act, Estribor has failed to show a causal link between the act
7 and his injury. First, whether MERS may act as a nominee for a lender or its successor
8 and assigns was a question discussed, yet left unanswered in *Bain*. *See Bain*, 175 Wn.2d
9 at 107 ("MERS fails to identify the entities that control and are accountable for its
10 actions. It has not established that it is an agent for a lawful principal."). At most, *Bain*
11 stands for the proposition that MERS failed to meet its burden that it was acting as an
12 agent for a lawful purpose. Thus, contrary to Estribor's position (Dkt. 31 at 10), there is
13 no standard set out in *Bain* for an action against MERS when MERS is acting as a
14 nominee. In the absence of a case directly on point or *per se* violation of a statute,
15 Estribor bears the burden of showing an unfair or deceptive act. On this issue, the Court
16 is not convinced that MERS's assignment of the Deed of Trust was unfair, deceptive, or
17 in violation of public interest. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787 (2013).
18 The Deed of Trust clearly states MERS is a nominee for the lender and lender's
19 successors and assigns. It is unclear how actions within that capacity are unfair or
20 deceptive. However, even if Estribor has met his burden on this issue, he has failed to
21 meet his burden as to the element of injury.

22

1  "A plaintiff must establish that, but for the defendant's unfair or deceptive

2  practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Washington,*

3  *Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 83 (2007). The purpose of an

4  Assignment of Deed of Trust is only "to put parties who subsequently purchase an

5  interest in the property on notice of which entity owns a debt secured by the property."

6  *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102 (W.D. Wash. 2011) (citing RCW

7  65.08.070). "[B]orrowers, as third parties to the assignment of their mortgage . . . cannot

8  mount a challenge to the chain of assignments unless a borrower has a genuine claim that

9  they are at risk of paying the same debt twice if the assignment stands." *Borowski v BNC*

10 *Mortg. Inc.*, 2013 WL 4522253, *5 (W.D. Wash. Aug. 27, 2013). Estribor's claim falls

11 squarely within this precedent, and he has failed to show that, but for MERS or Chase's

12 alleged misconduct, Chase would not have initiated a foreclosure on his house. Estribor

13 does argue that the Assignment was the "initial step" in the attempted foreclosure (Dkt.

14 31 at 13), but an agreement entered into only for the benefit of subsequent purchasers

15 fails to establish but for causation under the CPA. Therefore, the Court grants Chase's

16 and MERS's motions on Estribor's CPA claim.

17 **C.     Mountain States**

18      Mountain States is the only remaining defendant and has failed to appear.

19 Moreover, Estribor does not expect Mountain States to appear. Dkt. 25 at 1. The Court

20 requests a status report from Estribor regarding his plans to proceed with this action.

21 Failure to file a report by January 10, 2014, or show good cause for why one could not be

22

filed, will result in dismissal of Estribor's claim against Mountain States without prejudice.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Chase, NWTS, and MERS's motions for summary judgment (Dkts. 27 & 28) are **GRANTED** and Estribor's motion to strike (Dkt. 33) is **DENIED.**

Dated this 11th day of December, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge